The Honorable Steve Higginbothom State Senator P.O. Box 242 Marianna, AR 72360
Dear Senator Higginbothom:
I am writing in response to your request for an opinion concerning the Regional Airport Authority (hereinafter "Authority") in St. Francis and Cross Counties. According to correspondence attached to your request, the Authority's Chairperson, Dr. John Kerr, has told Commissioner Shirley M. Harvell that he will not recognize her at any further meetings if she does not sign the Authority's bylaws. The following question is presented in this regard:
 Is it legal not to provide all rights of a duly appointed Commissioner to a Commissioner just because that Commissioner refuses to sign the By-laws of the Authority until certain issues are clarified?
RESPONSE
It is my opinion that the answer this question is "no." Although I have found nothing that would prohibit obtaining the Commissioners' signatures on the bylaws, it is my opinion that a Commissioner's participation in matters pertaining to the management and control of the Authority cannot be contingent upon such signing.
According to my understanding, the Authority's bylaws in this instance were adopted through a majority vote of the Commissioners. State law does not specify the procedure for a regional airport authority to adopt its bylaws, but a majority vote is consistent with general parliamentary law. See Robert's Rules of Order 469 (7th ed. 1970).[1] With regard to Commissioners' signatures on the bylaws, I have no information regarding the purported basis for this procedure; but I have found no authority in state law for imposing such a requirement. Compare A.C.A. §14-55-205 (requiring that bylaws of municipal corporations be "authenticated" by the signature of the presiding officer.) A review of general parliamentary law does reveal a procedure for obtaining signatures to determine membership after an organization has been formed and to reflect agreement to abide by the bylaws. Robert's Rules, supra,
at 469. This procedure clearly has no applicability, however, in the case of a regional airport authority created pursuant to A.C.A. § 14-362-101et seq. (1987 and Supp. 2001). The "management and control" of a regional airport authority is vested as a matter of law in the authority's board (A.C.A. § 14-362-105(a) (Supp. 2001)), the membership of which is determined by statute. Id. Once the Authority was formed, therefore, and its board membership was determined in accordance with the statutory procedures (see § 14-362-105(b), providing for appointment by the participating governmental units), each member became entitled to participate in operating the Authority under the agreed terms and conditions.[2] A member, once qualified, may not be removed "except for cause . . . or upon such other conditions as shall be set forth in the agreement establishing the authority." A.C.A. § 14-362-106(b) (Supp. 2001).
Thus, while having Commissioners sign the Authority's bylaws may be a permissible practice, it is my opinion that no particular legal significance attaches to the signatures and that a lawfully appointed Commissioner has full participation rights in managing and operating the Authority.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Although you have not identified the body of law under which the Authority was created, I assume it was organized under the Regional Airport Act, which authorizes any two or more municipalities and any two or more contiguous counties, or any combination thereof, to create a regional airport authority for the purpose of acquiring, equipping, constructing, maintaining, and operating a regional airport. A.C.A. §14-362-103 (Supp. 2001). The Authority is given the power under the act to adopt "all necessary bylaws, rules, and regulations for its organization and operations not inconsistent with law." A.C.A. §14-362-109(1) (Supp. 2001).
[2] The Authority is operated under "terms and conditions" established by the agreement that is entered into by the participating governmental units. See A.C.A. § 14-362-103(a)(2) (Supp. 2001).